FIELD et al. v. CAMP et al.

(Circuit Court, N. D. Georgia.    October 30, 1911.)

No. 1,334.

1. EQUITY (§ 148*)—BILL—MULTIFARIOUSNESS.
    In a suit primarily to set aside a deed and will of complainant's mother, allegations with reference to the mother's marriage contract and a prayer for the determination of complainant's rights as heir at law· by reason thereof, and an application to vacate a decree in the state court removing one of the trustees appointed under a trust deed by the mother, and appointing one of the defendants as trustee in his stead, etc., rendered the bill multifarious.

    [Ed. Note.—For other cases, see Equity, Dec. Dig. § 148.*]

2. WILLS (§ 225*)—ADEQUATE REMEDY AT LAW.
    Where testatrix's children entered into a contract between themselves that any will that testatrix might make should be null and void, and that the property should be distributed among them in a specified manner, complainant could not maintain a suit in equity to set aside a will

bequeathing a portion of the family residence to her sister S., since, if the agreement between the children was valid, complainant could obtain her rights thereunder by a suit at law to recover her undivided interest in the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 547; Dec. Dig. § 225.*]

3. COURTS (§ 505*)—JURISDICTION—FEDERAL AND STATE COURTS.

Where a will had been admitted to probate, and the executors appointed without bond as provided in the will, whether they should be required to give bond was a matter exclusively for the court of ordinary, and was not within the jurisdiction of the federal court in a suit in equity involving the validity of the will, etc.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 505.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

4. WILLS (§ 281*)—UNDUE INFLUENCE—BILL.

A bill alleging that defendants influenced and caused their mother to execute a pretended deed to C., conveying to her the home place and adjacent lands, consisting of 87 acres, the very heart and most valuable part of the home place, and also to sign a pretended will devising the lands to C., and providing that, if the four children could not agree as to a division in kind of the remainder of her property, it should be sold in such manner as the executors in their discretion should determine, etc., was not sufficient to raise an issue that the will was the result of undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 639; Dec. Dig. § 281.*]

Bill by Annie C. Field and another against Sarah A. Camp and others.  Demurrers and pleas to the bill sustained.

Richard H. Field, for plaintiffs.
Geo. F. Gober and D. W. Blair, for defendants.

NEWMAN, District Judge.  This is a bill brought by Richard H. Field and his wife, Annie C. Field, against Sarah A. Camp, John T. Brantley, and his wife, Hattie H. C. Brantley, which, after stating the necessary diversity of citizenship, is, in substance, as follows:

That Walter A. Camp, of Springfield, Ohio, Annie C. Field, the plaintiff herein, and the defendants Sarah A. Camp and Hattie H. C. Brantley are the four children and only surviving heirs of George H. Camp, deceased, and Jane M. Camp, deceased.

That said George H. Camp died on August 26, 1907, within 4 months of 90 years of age, and that his widow, the said Jane M. Camp, at that time over 80 years of age, survived him nearly 4 years, and died on June 30, 1911. That both of said decedents died at their home in Marietta, Ga., where they had resided for more than 35 years.

That Walter A. Camp, the only surviving son, and Annie C. Field, the first daughter and plaintiff herein, have resided in Missouri for more than 30 years, and were not, at any of the times hereinafter stated, inmates or members of their parental home except as visitors, but that on the dates of the wills of the said George H. Camp, as hereinafter alleged, the only inmates of the said parental home were George H. Camp himself, his wife, and two daughters, the defendants Sarah A. Camp, unmarried, and Hattie H. C. Brantley, then unmarried.

That before and after the acts of George H. Camp and Jane M. Camp hereinafter stated defendants Sarah A. Camp and Hattie H. C. Brantley watched the business affairs of their father and mother, and claimed and exercised

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the right to be advised and consulted as to any and all of their investments, and as to the disposition of funds or property among their children, and advised and influenced their said parents for or against such action as was known to them to be contemplated or considered by them, and complained of, opposed, and prevented the said George H. Camp giving to plaintiff Annie C. Field his interest in the Hyde Park real estate in Kansas City, Mo., which he suggested and proposed giving to plaintiff without her suggestion or solicitation.

That before and since the dates hereinafter named the net income of the property of said George H. Camp exceeded $4,000 yearly, and the net income of the other property owned by the said Jane M. Camp exceeded $1,000 yearly. That said income of $5,000 was more than sufficient for the support and comfort of the said Jane M. Camp and Sarah A. Camp, the only inmates of said parental home after the death of the said George H. Camp.

That after his death two wills executed by the said George H. Camp were found, the first executed September 17, 1892, with two codicils attached thereto, dated May 24, 1897, and July 7, 1906, and the second executed June 12, 1901. Each of said wills made the widow, Jane M. Camp, executrix and Richard H. Field executor, and by the first codicil to the first will and by the last will John T. Brantley was made coexecutor; and said wills, respectively, bequeathed to his children in different amounts about 15 per cent. of his estate, then worth $200,000 or more, and the residue thereof, in both said wills, to his widow.

On account of the second codicil to the first will being of a later date than the second will, it was a question with the said executors and heirs as to which of said wills should be probated, or whether either could be probated over the objection of any of said heirs, and, because of the difference of provision as to said children, those less favored were disappointed and dissatisfied with the manner in which one or both of said wills were said to have been procured; and, on account of the advanced age of the widow, her lack of business experience, lack of acquaintance with the various properties bequeathed and devised to her, without restriction, and her known disposition to yield to and please those around and about her, it was a matter of grave concern and apprehension, and was so discussed and considered by three of her four children who were no longer inmates of her household as to how she would manage and keep the same at the end of the three years of administration of the estate, and also how she would divide or provide for dividing the same at her death, and whether, if she were left exposed to the apparent danger of being led into indiscretion in respect thereto, there would be an equal division among the four children, and the said children suggested to her that she secure the said residuary bequest of their father and her other property to herself and equally to her children after her death by deeding the same to her children, or to trustees, reserving to herself for life the income of all her property. On the 2d day of September, 1907, she executed a deed to the defendant John T. Brantley and the plaintiff Richard H. Field as trustees of her own separate estate other than the property bequeathed to her by her husband, and, after making such deed and upon further consideration, she and the children agreed that she should and would make a deed vesting, at her death, the remainder of said residuary estate in her four children.

Following said agreement, two deeds were prepared, one on September 20, 1907, by the plaintiff Richard H. Field, and another on September 25, 1907, by John T. Brantley and D. W. Blair, an attorney of Marietta, Ga., neither of which was executed.

The question of differences between the children under the will of their father having been adjusted, a written agreement was entered into by them that neither of them would use any influence with their said mother to induce her to make a deed or will, or dispose of property in any way during three years, and any papers made by her within that time should not be recognized, but should be null and void.

Afterwards, and on October 8, 1907, in consideration of the foregoing, the said will of the said George H. Camp, executed September 17, 1892, and the two codicils thereto attached, were offered by the executors and were pro-

bated, and said heirs received from said estate the legacies in said will and codicils as agreed upon.

Notwithstanding and in disregard of the agreements and proceedings aforesaid, and without the knowledge or consent of plaintiff, Annie C. Field, and for their own use and benefit, defendants influenced and caused said Jane M. Camp to execute a pretended deed to Sarah A. Camp, dated December 19, 1908, conveying to her the home and adjacent lands, in all 87 acres, the very heart and most valuable part of the home place, and also to sign a pretended will devising said lands to said Sarah A. Camp, and providing that, if the said four children could not agree as to a division in kind of the remainder of her property, the same should be reduced to money by sale in such manner as J. T. Brantley and Sarah A. Camp, the executors named therein, may, in their discretion, determine, and excusing said executors from giving bond and from making any return to the ordinary or court of ordinary, and expressly conferring upon said executors power to sell any part of said estate at private or public sale, without notice, and to make good and sufficient deeds therefor.

And in further disregard and breach of said contract, and without the knowledge or consent of plaintiff Annie C. Field and without notice to her, the defendants on or about July 4, 1911, filed said pretended will with the ordinary of Cobb county, Ga., and offered same for probate and record, and did not inform said ordinary of the written contract and agreements and proceedings aforesaid, and the ordinary thereupon filed and admitted to record said will, and issued letters testamentary to the said John T. Brantley and Sarah A. Camp, and, unless restrained by this court, said defendants intend to exercise and will proceed to exercise, or attempt to exercise the unreasonable and unusual powers thereunder, to the great detriment of plaintiffs.

That the defendant Sarah A. Camp has no other property than that derived or to be derived from said estates of her father and mother, except possibly $6,500 received by her about 1903 or 1904, and is not sufficiently experienced to exercise the powers and discretion confided to her in the will of the said Jane M. Camp, nor to keep the same safely as against the defendant J. T. Brantley, who has her undue confidence.

That J. T. Brantley is not solvent or responsible to the extent of the value of the property of the said Jane M. Camp, deceased, and that his most, if not his only, solvent estate, is that he is presumptive or possible heir of his wife, Hattie H. C. Brantley, to an equal fourth of the estate of Jane M. Camp.

That the estate of the said George H. Camp is still unsettled, and defendant J. T. Brantley and plaintiff Richard H. Field are the only surviving executors of said estate, and that the defendant Brantley and the other defendants made false representations to the said Jane M. Camp with reference to the said Richard H. Field, so that she became greatly prejudiced against him, and encouraged the said J. T. Brantley, as such executor and trustee, to ignore the said Field, and for more than three years past said Field has been unable to get information from the said Brantley as to the estate of George H. Camp. And defendants further influenced and caused the said Jane M. Camp to attempt to remove the said Richard T. Field both as executor and trustee by calling to their aid an attorney, who in private consultation with the said Jane M. Camp and themselves advised her that she could remove the said Richard H. Field as cotrustee in the deed aforesaid made by her to J. T. Brantley and Richard H. Field under and by virtue of the provisions in a written marriage contract of herself and husband, dated April 9, 1850, by her ex parte petition to him as judge of the superior court of Cobb county. Afterwards and pursuant to such advice, a petition was signed by said Jane M. Camp, setting forth a recited removal of said Richard H. Field and the appointment of the defendant Sarah A. Camp as such trustee, stating fictitious reasons therefor, and asking said attorney, George F. Gober, to confirm said removal and appointment as judge of the superior court, and same was confirmed by an order dated July 4, 1908, divesting said Richard H. Field of all rights, privileges, and prerogatives as such trustee, and vesting the same in said Sarah A. Camp as successor in trust. Afterward the cotrustee, the said J. T. Brantley, notified

said Richard H. Field of said action, and notwithstanding the said Field promptly notified and warned said Brantley as cotrustee, not to share as trustee the custody of said estate with the said Sarah A. Camp, he has since then and yet shares with the said Sarah A. Camp the custody of the estate, and they have excluded and still exclude the said Richard H. Field therefrom.

On or about September 3, 1910, the defendants represented to said Jane M. Camp that the final settlement of the estate of George H. Camp should be made at that time, and that the said Richard H. Field was wrongfully refusing the same, and influenced her to join in a suit in the court of ordinary of Cobb county, Ga., to remove said Richard H. Field on false charges which they influenced the said Jane M. Camp to join them in making, and afterwards, on October 3, 1910, they caused her to join in filing another suit in the superior court of Cobb county, Ga., to close said estate, and have the large residuary estate deeded and turned over to her, and alleging in both said suits that the coexecutor, J. T. Brantley, was then anxious and willing to close said estate. Both of said suits were resisted by said Richard H. Field because of the incapacity of the said Jane M. Camp to manage and keep the same, and because he then understood and believed that the same were unjust efforts of the defendants, as before stated, to get into their own hands the management and control and disposition of said residuary estate.

Plaintiffs have reason to believe, and therefore state, that the defendants John T. Brantley and Sarah A. Camp have attempted to take actual possession of all the personal property of the estate of George H. Camp, and have collected a large amount of indebtedness due to said estate, and have tried to have transferred to them, as executors of Jane M. Camp, bank deposits made by and credited to the George H. Camp estate without the consent of plaintiffs, nor of Richard H. Field, executor of the George H. Camp estate, nor any order of any court permitting them to do so, their purpose being to sell the residue of the estate of George H. Camp, and settle and disburse the proceeds thereof as executors of Jane M. Camp under the provisions of her alleged will, without consent of plaintiffs and without the supervision or participation of plaintiff Richard H. Field as executor of George H. Camp, and without the consent or supervision of any court.

Under and by virtue of the terms of the will of said George H. Camp, plaintiff Richard H. Field and defendant John T. Brantley qualified and have since acted as executors without giving bond. The debts of said estate have been paid, except expenses, fees, and compensation due the executors, and said estate should now be finally settled and distributed. And now the said Richard H. Field, as such executor and trustee, offers to settle and close, and have settled and closed, in and by these proceedings and the adjudication of this court both of said estates of the said Jane M. Camp; that is, the residuary estate devised to her by George H. Camp and also the said trust estate, which estates are all the assets left by the said Jane M. Camp at her death.

Walter A. Camp, of Springfield, Mo., is not made a party plaintiff herein because he has not been within the United States since the 30th day of June, 1911, the date of the death of Jane M. Camp, and he has not been made a defendant herein because he is a citizen of the same state as the plaintiff, and he cannot be joined as defendant without ousting the jurisdiction of the court as to the other defendants in the cause. Plaintiffs hereby offer to join the said Walter A. Camp in an amendment to this bill of complaint, making him a party plaintiff thereto or to permit him to become a party plaintiff in this cause on his own motion or by order of the court.

The prayers of the bill are:

(1) That a receiver be appointed.

(2) For an injunction restraining the defendants from any further action under the will of Jane M. Camp.

(3) That on final hearing and decree (a) said injunction be made permanent; (b) that said written contract of October 1, 1907, be decreed valid;

(c) that the will and deed of Jane M. Camp, dated December 19, 1908, and any and all other wills and deeds, or other disposition of property of Jane M. Camp, made since October 1, 1907, be decreed, adjudged, and declared null and void under said contract dated October 1, 1907; (d) that the court construe the marriage contract aforesaid of the said Jane M. Camp, and adjudge and decree the property inherited or acquired by her during coverture, and the rights and estate of the plaintiff Annie C. Field as heir at law of the estate of Jane M. Camp under said marriage contract and under her mother's deed of said estate to J. T. Brantley and Richard H. Field, dated September 2, 1907; (e) that the court declare, adjudge, and decree as null and void the proceedings aforesaid of the said Jane M. Camp in the superior court of Cobb county, removing said Richard H. Field and appointing Sarah A. Camp as trustee of said estate; (f) and also adjudge, decree, and make proper distribution of both the said estates and all of the property of said Jane M. Camp at her death; (g) to cause to be paid any and all lawful charges presented to and approved by this court; (h) and all expenses and costs of this proceeding; and (i) such other and further relief as should, in equity, be allowed in this case.

There is a demurrer filed to the bill by Sarah A. Camp, the first ground of which is that the plaintiffs fail to make such a case as entitles them to the relief as sought. Second. That the bill does not show any right, title, or interest in Richard H. Field in the estate of Jane M. Camp as to which the defendant should be required to answer. Third. That the bill fails to make the executors as such parties defendant. Fourth. That the bill is multifarious because it is an endeavor on the part of plaintiffs to mix and combine the estate of George H. Camp with that of Jane M. Camp, the two being independent estates. The fifth ground appears to be substantially the same as the third, as I understand it, and the sixth ground is substantially the same as the fourth. Seventh. That Walter A. Camp, son and heir of Jane M. Camp and a resident of Springfield, Mo., is an indispensable party, and is not made a party to the proceeding. Eighth. That John T. Brantley and Sarah A. Camp qualified as executor and executrix of the estate of Jane M. Camp, and 12 months have not expired since the appointing of said executors and the probate of the will, and they are not liable to suit until the expiration of such time.

There is a demurrer by John T. Brantley and Hattie H. C. Brantley, the first ground of which is that the court of ordinary of Cobb county, Ga., had acquired jurisdiction of the estate of Mrs. Jane M. Camp by the probating of the will of Mrs. Jane M. Camp prior to the filing of this bill; second, that the remedy of the complainants is by caveat to said will in the court of ordinary; third, that the property had gone into the possession of the executors prior to the filing of the bill, and that, the court of ordinary having acquired jurisdiction and the executors possession of the property of the deceased, there is no jurisdiction in this court over the subject-matter in the suit; fourth, that Walter A. Camp is a necessary party; fifth, the misjoinder of parties, because Richard H. Field is made a party, and he has no interest in the estate of Jane M. Camp; sixth, because the bill is multifarious, joining different and independent matters, which have no relation to each other, and in which the plaintiffs have no joint claim, interest, or right; seventh, because complainants have

a plain, adequate, and complete remedy at law; eighth, because, according to complainants' own showing in their bill, they are not entitled to the relief prayed.

There is also a plea by Sarah A. Camp to the effect that on July 3, 1911, before the ordinary of Cobb county, the will of Jane M. Camp was offered for probate and probated in common form, and that on July 4, 1911, John T. Brantley and Sarah A. Camp, having been nominated in the will as executor and executrix, qualified as such and took possession of all the estate of Jane M. Camp under the authority of said ordinary, and are now holding the same under the care of the ordinary of Cobb county as executor and executrix of said will. There is a plea also by John T. Brantley and Hattie H. C. Brantley to the same effect substantially as is the plea of Sarah A. Camp. Sarah A. Camp filed an amendment to her plea on October 14, 1911, before the argument in the case was had, in which she sets up that on October 7, 1911, after full and timely notice to all the heirs of said Jane M. Camp, the hearing upon the application of Sarah A. Camp and John T. Brantley, executors of Jane M. Camp named in the will, came on for a hearing before the ordinary of Cobb county, and that Annie C. Field, one of the complainants, appeared by her attorney, Richard H. Field, as one of the defendants in said cause, who then and there represented her as attorney, and, after hearing in the case, the will of the said Jane M. Camp was admitted to probate in solemn form and said Sarah A. Camp and J. T. Brantley then and there afterwards qualified as executors of the said will of the said Jane M. Camp, and took over and went into possession of all the estate and property of the said Jane M. Camp, and now hold the same as such executors under the order and direction of the court of ordinary of Cobb county, Ga. Argument has been had in this case on the demurrers and pleas; the same being heard together by consent of counsel. On the hearing the prayer for a receiver was not insisted upon. The prayer for an injunction restraining defendants from further action under the will of Jane M. Camp will be controlled by what will be hereafter said as to the grounds upon which this prayer is based.

The first question in the case is as to the written contract between the children of Jane M. Camp, made and entered into October 1, 1907. The prayer is that a decree be entered declaring this contract valid. It is an agreement between the children that any will made by Jane M. Camp "shall be null and void" as it is expressed in the agreement. Whether this agreement is against public policy and consequently void under the decisions of the Supreme Court of Georgia is at least a very grave question. It clearly interferes with the right of Jane M. Camp to make such disposition of her property after her death as, she might desire. For instance, it interferes with the right of Mrs. Camp to give to her unmarried daughter, Miss Sarah A. Camp, the home place in which Mr. and Mrs. Camp, and Mrs. Camp after the death of the former, had lived for many years, and where Miss Sarah A. Camp had lived with them and apparently cared for them in their extreme old age. This does not seem to be an unnatural thing for

Mrs. Camp to have done, and yet, under this agreement, she is prevented from doing that which was apparently her own wish and desire. If it was necessary to a decision here, I should be disposed to hold that the deed from Mrs. Camp to her daughter and the devise contained in the will to her could not be made the subject-matter of an attack by reason of the written agreement referred to (Mercier v. Mercier, 50 Ga. 546, 15 Am. Rep. 694), but the case is, I think, controlled in another way.

[1] So much of the bill as relates to the marriage contract of Jane M. Camp and to determining the rights of Annie C. Field as heir at law by reason thereof, and the deed to Brantley and Field of September 2, 1907, if treated as a part of this bill, would render it multifarious in my opinion, and the bill should be dismissed on that ground, but as to this also I think the case is controlled otherwise. I think this view also controls the prayer of the bill with reference to the removing of Richard H. Field as trustee and appointing Sarah A. Camp in his stead.

[2] Taking the case as a whole, the facts appearing are that Mrs. Camp made a will in which she provided for the disposition of her property, giving the home place, as has been stated, to Miss Sarah A. Camp, and, with the exception of a part of the furniture in the family residence and certain stock and feed on the home place, she provided that all of the other property she left at her death should be divided equally between her children. So the only matter of any substantial amount involved is the home place, and the only matter of real difference between the parties in this case is therefore as to their respective rights to this home property.

If the agreement between the children of Mrs. Camp is valid and binding, Mrs. Field could obtain her rights thereunder by a simple suit at law to recover her undivided interest in that property, and I do not see any reason whatever for invoking the aid of a court of equity in this matter. Any other matters except this are clearly such as should be submitted to the court of ordinary of Cobb county. The will of Mrs. Camp was admitted to probate in common form in July, and on the 2d of October was admitted, after notice to all parties in interest, to probate in solemn form in the court of ordinary. In July the executors named in the will qualified and took possession of the property of the deceased, and have since been in full possession and control of that property, and are responsible to Mrs. Field for her share of the same under the will.

[3] It is urged that the executors named are not under bond; the will having provided that they should not give bond. This is clearly a matter for the court of ordinary to pass upon. If, on a proper showing, it would seem to be wise to require bond of them under the circumstances, the ordinary will require them to give such bond as he may deem proper to protect Mrs. Field's interest and to protect the entire estate.

[4] There are some allegations in the bill and something was said in argument about undue influence being used with Mrs. Camp to induce her to make the deed to the home place to Miss Sarah A.

Camp, and to provide for the same thing in her will. The allegations are clearly insufficient to justify the court, even if it had jurisdiction otherwise, in setting aside the will on this ground. This is true under the general law (Mackall v. Mackall, 135 U. S. 167; 10 Sup. Ct. 705, 34 L. Ed. 84), and it is certainly true under the law of Georgia (Potts v. House, 6 Ga. 324, 50 Am. Dec. 329, and Thompson v. Davitte, 59 Ga. 473).

All the questions involved in this case, therefore, except the validity of the written agreement between Mrs. Jane M. Camp's children, are alone for the court of ordinary of Cobb county, certainly all except those which cannot be considered without rendering the bill multifarious and subject to demurrer on that ground, and as to the rights of Mrs. Field under the written agreement, if she has any, I think it is a matter as to which she has, as has been stated, a full, complete, and adequate remedy at common law.

What has been said makes it unnecessary to determine whether or not Sarah A. Camp and John T. Brantley are properly made parties as executrix and executor, and also whether Walter A. Camp is an indispensable party.

The demurrer and pleas will be sustained for the reasons given.